UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONNIE ROY JOHNSON,

    Petitioner,

CASE NO. 04-CV-73692-DT
v.
JUDGE DENISE PAGE HOOD
MAGISTRATE JUDGE PAUL J. KOMIVES

THOMAS BELL,

    Respondent.
_____/

**REPORT AND RECOMMENDATION**

*Table of Contents*

I.   RECOMMENDATION .................................................................. 1
II.   REPORT ................................................................................. 1
    A.   *Procedural History* ............................................................. 1
    B.   *Standard of Review* ............................................................ 3
    C.   *Analysis* ........................................................................... 5
        1.   *Prior Acts Evidence* ................................................... 5
        2.   *Sufficiency of the Evidence* ......................................... 8
    D.   *Conclusion* ..................................................................... 11
III.   NOTICE TO PARTIES REGARDING OBJECTIONS ...................... 11

\*    \*    \*    \*    \*

I.   RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus.

II.   REPORT:

A.   *Procedural History*

    1.   Petitioner Ronnie Roy Johnson is a state prisoner, currently confined at the Parr Highway Correctional Facility in Adrian, Michigan.

    2.   On June 24, 2002, petitioner was convicted of first degree retail fraud, MICH. COMP. LAWS § 750.356c, and felonious assault, MICH. COMP. LAWS § 750.82, following a jury trial in the

Oakland County Circuit Court. "The charges arose after [petitioner] put two DVD players and a VCR into a shopping cart and walked past [the] cash registers toward the exit doors." *People v. Johnson*, No. 243484, 2004 WL 203077, at *1, slip op. at 1 (Mich. Ct. App. Feb 3, 2004)(per curiam). On August 1, 2002, he was sentenced to a term of 2 to 10 years imprisonment on the retail fraud conviction and to a concurrent term of 2 to 8 years of imprisonment on the assault conviction.

3. Petitioner appealed as of right to the Michigan Court of Appeals raising, through counsel, the following claims:

I. Petitioner is entitled to a new trial due to the trial court's erroneous admission of evidence of alleged similar acts.

II. The trial court erred in admitting testimony about an alleged prior bad act of petitioner where notice of such evidence was untimely and a proper foundation for admitting such evidence was not made by the prosecuting attorney, thus denying the petitioner his constitutional right to due process of law.

III. The evidence was insufficient to establish the petitioner's guilt of retail fraud third degree and felonious assault beyond a reasonable doubt.

The court of appeals found no merit to petitioner's claims, and affirmed his conviction and sentence. *See People v. Johnson*, No. 243484, 2004 WL 203077 (Mich. Ct. App. 2004)(per curiam).

4. Petitioner, proceeding *pro se*, sought leave to appeal these same issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Johnson*, 471 Mich. 867, 683 N.W.2d 673(2004).

5. Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on September 24, 2004. As grounds for the writ of habeas corpus, he raises the same three claims that he raised in the state courts.

6. Respondent filed his answer on January 28, 2005. He contends that petitioner's

claims are meritless.

B.     *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme]

Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's

4

resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v. Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

C.      *Analysis*

      1.      *Prior Acts Evidence*

Petitioner's first claim is that he is entitled to a new trial due to the trial court's erroneous admission of evidence of alleged similar acts. It is well established that habeas corpus is not available to remedy a state court's error in the application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68(1991)("Today, we re-emphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions."). Thus, unless a violation of a state's evidentiary rule results in the denial of fundamental fairness, an issue concerning the admissibility of evidence does not rise to the level of a constitutional magnitude. *See Cooper v. Sowders*, 837 F.2d 284, 286(6th Cir. 1988); *Davis v. Jabe*, 824 F.2d 483, 487(6th Cir. 1987). "[A] federal habeas court has nothing whatsoever to do with reviewing a state court ruling on the admissibility of evidence under state law. State evidentiary law simply has no effect on [a court's] review of the constitutionality of a trial, unless it is asserted that the state law itself violates the constitution." *Pemberton v. Collins*, 991 F.2d 1218, 1223(5th Cir. 1993).

In short, "[o]nly when the evidentiary ruling impinges on a specific constitutional protection or is so prejudiced that it amounts to a denial of due process may a federal court grant a habeas corpus remedy." *Barrett v. Acevedo*, 169 F.3d 1155, 1163(8th Cir. 1999); *see Coleman v. Mitchell*, 244 F.3d 533, 542(6th Cir. 2001). In the case at hand, petitioner is claiming that the state court improperly admitted evidence under the Michigan Rule of Evidence 404(b). Unless petitioner argues

that the evidentiary ruling impinged on a specific constitutional protection or amounted to a denial of due process, this claim is not cognizable upon federal habeas review.  As petitioner has argued neither of these in this claim, it is outside the scope of habeas review. This is a state law claim that was already properly brought before and decided on the merits by the Michigan Court of Appeals. As it is a claim based on state evidentiary law, it is not cognizable on habeas review and is therefore meritless.

Petitioner's second claim is that he was denied due process of law because the trial court erred in admitting testimony about an alleged prior bad act of petitioner where notice of such evidence was untimely and a proper foundation for admitting such evidence was not made by the prosecuting attorney. Regarding the admission of the evidence, both the Supreme Court and the Sixth Circuit have repeatedly held that a defendant is not denied a fair trial by the admission of prior bad acts evidence which is relevant in the defendant's trial. *See Estelle*, 502 U.S. and 69-70; *Dowling v. United States*, 493 U.S. 342, 353-354(1990); *Coleman v. Mitchell*, 268 F.3d 417, 439-440(6th Cir. 2001); *Pennington v. Lazaroff*, 13 Fed. Appx. 228, 232(6th Cir. 2001)(per curiam); *Manning v. Rose*, 507 F.2d 889, 893-95(6th Cir. 1974). Further, there is no clearly established Supreme Court precedent prohibiting the introduction of such evidence, and thus the admission of this evidence was not contrary to, or an unreasonable application of, clearly established federal law upon which habeas relief may be granted. *See Bugh v. Mitchell*, 329 F.3d 496, 512-13(6th Cir. 2003). As there is no Supreme Court precedent which the trial court could be deemed "contrary to", under AEDPA,  petitioner cannot obtain habeas relief under this claim.

Further, the court of appeals examined petitioner's claim that the trial court erred in admitting testimony about an alleged prior bad act, and determined that even if there was error, it

was harmless. If evidence is erroneously admitted under 404(b), a defendant must show that it is "more probable that not that the error was outcome determinative." *People v. Knapp*, 244 Mich. App 361, 378; 624 N.W.2d 227(2001). The evidence must be viewed in the light most favorable to the prosecution. *People v. Knox*, 256 Mich. App. 175, 195; 662 N.W.2d 482(2003). As noted by the Court of Appeals:

> Even if we were to agree with defendant that the evidence was not subject to the 404(b) exceptions and was thus erroneously admitted, defendant fails to address if or how admitting the evidence was not harmless error. In any event, we cannot conclude, given the other evidence presented, that it is more probable than not that the jury would not have convicted defendant had the evidence of the prior bad act been suppressed.

*Johnson*, 2004 WL 203077, at *3, slip op. at 3.

Regarding the reasonable notice portion of this claim, the rule is that the prosecution must provide reasonable notice in advance of trial of its intent to introduce other crimes, wrongs, or acts evidence. *See* Mich. R. Evid. 404(b)(2). The court rule also requires that the prosecution include in its notice its rationale for admitting such evidence. *See id.* The notice was filed on June 12, 2002 and faxed to defense counsel on the same day. *See* Jury Trial Tr., Vol. I, at 8. The trial began nine days later, on June 21, 2002. Petitioner has cited, and I have found, no case law suggesting that this notice given 9 days before the trial was untimely under Michigan law.

Moreover, regardless of the requirement of state law, due process does not require the giving of notice prior to introduction of prior acts evidence. *See Doss v. Bock*, No. 00-CV-10030, 2002 WL 1554363, at *13 (E.D. Mich. July 15, 2002) (Lawson, J.), *aff'd*, 89 Fed. Appx. 964 (6th Cir. 2004).

To conclude, petitioner has not shown that he was denied due process of law, as his claim of improper admission of prior bad acts evidence does not state a constitutional claim. Petitioner has also failed to show that the notice of such evidence was untimely. As such, petitioner is not entitled

to habeas relief on his second claim.

  2.  *Sufficiency of the Evidence*

  Petitioner's final claim is that the evidence was insufficient to establish the petitioner's guilt of retail fraud third degree and felonious assault beyond a reasonable doubt.

  The Due Process clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In Re Winship*, 397 U.S. 358, 364(1970). Under the pre-AEDPA standard for habeas review of sufficiency of the evidence challenges, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319((1979)(emphasis in original).

  However, under the amended version of § 2254(d)(1) a federal habeas court must apply a more deferential standard of review of the state court decision. As such, the question becomes whether or not the Michigan Court of Appeals' application of the *Jackson* standard was reasonable. *See Gomez v. Acevedo*, 106 F.3d 192, 198-200(7th Cir. 1997), *vacated on other grounds sub nom. Gomez v. DeTella*, 552 U.S. 801(1998); *Restrepo v. DiPaolo*, 1 F.Supp 2d 103, 106(D. Mass 1998).

  While a challenge to the sufficiency of the evidence on an established element of an offense raises a federal constitutional claim cognizable in a habeas corpus proceeding, *see Jackson*, 443 U.S. at 324, "[t]he applicability of the reasonable doubt standard . . . has always been dependent on how a State defines the offense that is charged in any given case." *Patterson v. New York*, 432 U.S. 197, 211 n.12(1977)*; see also, Jackson*, 443 U.S. at 324 n.16; *Mullaney v. Wilbur*, 421 U.S. 684, 691(1975). Thus, "[a] federal court must look to state law to determine the elements of the crime."

*Quartararo v. Hanslmaier*, 186 F.3d 91, 97(2nd Cir. 1999). Accordingly, it is necessary to examine the elements of the crimes of retail fraud first degree and felonious assault under Michigan law.

Under Michigan law, various acts can constitute first degree retail fraud. As relevant here, the statute provides that " a person who violates section 356d(1) and who has 1 or more prior convictions for committing or attempting to commit an offense under this section or section 218, 356, 356d(1), or 360 is guilty of retail fraud in the first degree." MICH. COMP. LAWS § 750.356c(c)(2). Section 356d(1), in turn, provides in relevant part that a person is guilty of retail fraud if "[w]hile a store is open to the public, [he] steals property of the store that is offered for sale at a price of $200.00 or more but less than $1,000.00." MICH. COMP. LAWS § 750.356d(1). Thus, to establish petitioner's guilt of first degree retail fraud, the prosecutor was required to prove beyond a reasonable doubt that: "(1) defendant took and moved property that a store offered for sale; (2) the store was open for business; (3) defendant had the intent to steal the property; [] (4) the property was worth $[200] or more;" and (5) petitioner had at least one prior conviction for an enumerated felony. *People v. Gibbs*, No. 254401, 2005 WL 901092, at *3 (Mich. Ct. App/ Apr. 19, 2005); *see also*, MICH. CRIMINAL JURY INSTRUCTIONS 2D § 23.13.

The following elements must be proven by the prosecutor beyond a reasonable doubt to establish the crime of felonious assault: "(1) an assault; (2) with a dangerous weapon; (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v. Avant*, 235 Mich. App. 499, 505, 597 N.W.2d 864, 869(1999).

Petitioner makes the following argument denying intent to steal and denying the use of any knife:

> ...he does not deny that he took the merchandise past the check-out or cashiers area; there was a service desk area where he had the intention of inquiring either about lay-away or to pay for them there since there were cashiers therein; he did not know

9

> the people who were detaining him since they had no visible identification; he was trying to protect himself from these people; he never had a knife nor did he ever wield or use a knife in a threatening manner.

Appellant's Br. On Appeal, in *People v. Johnson*, No. 243484 (Mich. Ct. App.), at 27. The court of appeals rejected these claims, reasoning:

> Defendant's arguments that the evidence was insufficient and that the jury's findings were against the great weight of the evidence also lack merit. The jury heard uncontested testimony from Colleen Bruen, a Target security officer, that as she tried to apprehend defendant and prevent him from leaving, he extracted a knife and wielded it at her. She testified that she was extremely frightened and that she thought she was in serious danger. The responding police officer testified that he found a knife of the description Bruen gave in the truck defendant was in. Defendant did not testify, and the evidence was uncontroverted. Viewed in the light most favorable to the prosecution, *People v. Wolfe*, 440 Mich. 508, 515; 489 N.W.2d 748, mod 441 Mich 1201(1992), the evidence was sufficient for a reasonable jury to find defendant guilty of felonious assault.
> Regarding the great weight of the evidence, defendant proffers only that he did not have a knife. Defendant did not testify at trial, and his counsel's arguments were not evidence. Thus, we cannot conclude that the jury made an erroneous finding of fact.
> To support his argument that the evidence was insufficient and that the verdict was against the great weight of the evidence, defendant states only that he was going to ask about layaway or pricing at the customer service desk and that he did not know why he was being apprehended and thus did not cooperate. Given that the defendant did not testify, and given the evidence that was offered, it cannot be said that the evidence was insufficient or that the jury made erroneous findings of fact. The uncontested evidence presented showed that defendant put merchandise in his cart, walked past the cashiers, and was nearing the far edge of the customer service desk when he was stopped by security. The evidence also showed the defendant would not respond to the security personnel's questioning and instead ran out of the store and escaped. Thus, we find no error.

*Johnson*, 2004 WL 203077, at *3-*4, slip. op. at 3-4.

Petitioner's intent to steal is clearly shown by his actions. He put the merchandise in his cart, went past the registers and headed for the exit doors. When a member of Target's security stopped him and identified herself, he struggled with them and lost his jacket. *See* Jury Trial Tr., Vol. II, at 53-54. He managed to get away and jump into a truck that came by in the nick of time and sped off.

This evidence as sufficient to establish petitioner's guilt. *See People v. Riddick*, 187 Mich. App. 547, 551, 468 N.W.2d 278, 280 (1991)(per curiam).

Petitioner's claim that there was insufficient evidence regarding the felonious assault is also meritless. During the struggle, the Target security guard Bruen saw petitioner swinging a knife. *See* Jury Trial Tr., Vol. II, at 58. Bruen also identified the knife found in the truck petitioner was in as the one she saw .*See* Jury Trial Tr., Vol. I, at 115-119; Vol II at 59. Although petitioner now denies that he in fact had a knife, the jury was free to credit Bruen's testimony. It is the job of the jury, not this Court sitting on habeas review, to resolve conflicts in the evidence, and this Court must presume that the jury resolved those conflicts in favor of the prosecution. *See Jackson*, 443 U.S. at 326; *United States v. Sherwood*, 98 F.3d 402, 408 (9th Cir. 1996); *see also, United States v. Bailey*, 444 U.S. 394, 414-15 (1980) ("It is for [jurors] and not for appellate courts to say that a particular witness spoke the truth or fabricated a cock-and-bull story.").

To conclude, the Michigan Court of Appeals resolution of petitioner's two insufficiency of evidence claims was a reasonable application of the Jackson standard and petitioner is not entitled to habeas relief with respect to these claims.

D.     *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law.  Accordingly, the Court should deny petitioner's application for the writ of habeas corpus.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation,

but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

                                                    s/Paul J. Komives
                                                    PAUL J. KOMIVES
                                                    UNITED STATES MAGISTRATE JUDGE
Dated: 7/11/05

> The undersigned certifies that a copy of the foregoing order was served on the attorneys of record by electronic means or U.S. Mail on July 11, 2005.
>
>                               s/Eddrey Butts
>                               Case Manager